### In re HAWAII FEDERAL ASBESTOS CASES.

#### This Document Applies to Trial Group I

Nakagawara, Masami, Lee–Kwai, Raymond (dcd), Pacleb, Daniel L., Sr., Kane, Raymond K., Davacol, Juan M., Tam, Clarence S.L., Boyd, Thomas (dcd), Low, Francis Leen (dcd), Aguiar, Daniel, Powell, Hony Edward (dcd), Gamurot, Mariano (dcd), Dang, Stanley J.S. (dcd), Fisel, Charles H., Sawyer, Stephen Charles (dcd), Prudeaux, George J., Oliver, Kenneth C., Williams, Felton Kline (dcd), Kim, Clarence K.N., Kaiu, David K., Seiwerath, Leo B., Aligado, Cornelio P., Miyasato, Harry Koichi (dcd), Olsen, Hiram K., Monderen, Toledo, Furtado, Herbert, DeSilva, Henry, Isara, Raymond S., Gascon, James B.V., Pagan, Alexander, Sr., Barcelona, Juan O., Silva, Libert S., Shigemoto, Soichi, Yonekawa, Charles S. and Ching, Francis K.Y.

Civ. No. 85–0447.*

United States District Court, D. Hawaii.

Oct. 24, 1988.

* And in Civ. Nos. 85–1374, 85–1442, 86–0669, 87–0375 ACK, 87–0377 HMF, 87–0409 VAC, 87–0412 ACK, 87–0413 VAC, 87–0414 HMF, 87–0492 ACK, 87–0508 VAC, 87–0539 HMF, 87–0542 HMF, 87–0829 VAC, 87–0872 HMF, 87–0928 VAC, 87–0929 HMF, 87–0933 VAC, 87–10414, 87–11415, 87–12420, 87–12421, 87–12423, 87–12425, 87–12426, 87–12427, 87–12429, 87–12430, 87–12432, 87–12433, 87–13362 and 88–00034 HMF.

William S. Hunt, Paul, Johnson, Alston & Hunt, Honolulu, Hawaii, for defendant Pittsburgh–Corning Corp.

George W. Playdon, Jr., Reinwald, O'Connor, Marrack, Hoskins & Playdon, Honolulu, Hawaii, for defendants Raymark, Carey Canada, Inc. and Celotex Corp.

Richard B. North, Jr., Neely & Player, Atlanta, Ga., for defendants Raymark, Carey–Canada and Celotex.

Robert G. Frame, Alcantara & Frame, Honolulu, Hawaii, for defendant Fibreboard Corp.

James L. Miller, Brobeck, Phleger & Harrison, San Francisco, Cal., for defendant Fibreboard Corp.

L. Richard DeRobertis, Derek S. Nakamura, Gary O. Galiher and Galiher DeRobertis, Law Corp., Honolulu, Hawaii, for plaintiffs.

Michael F. O'Connor and Stan Chow, Ezra, O'Connor, Moon & Tam, Honolulu, Hawaii, for defendant Eagle–Picher Industries.

Frank Bondonno and Roy F. Hughes, Honolulu, Hawaii, for defendant Owens–Corning Fiberglas Corp.

John S. Nishimoto and Raymond Nisihida, Libkuman, Ventura, Ayabe & Hughes, Honolulu, Hawaii, for defendants Pittsburgh–Corning, Owens–Corning Fiberglas, Owens–Illinois, Armstrong, Keene Co., Flintkote, GAF and H.K. Porter Co.

Jerold T. Matayoshi, Greely, Walker & Kowen, Honolulu, Hawaii, for defendant Owens–Illinois Corp.

## ORDER

BELLONI, District Judge.

Plaintiffs have made a motion to strike the government contract defense as a matter of law. After careful consideration, I have decided to grant that motion for the following reasons.

The Hawaii Supreme Court has previously decided in *Nobriga v. Raybestos–Manhattan, Inc.*, 67 Haw. 157, 683 P.2d 389 (1984) that adherence to government specifications by an asbestos manufacturer was not an absolute defense to liability. The only question here is whether the recent United States Supreme Court opinion of *Boyle v. United Technologies Corp.*, — U.S. ——, 108 S.Ct. 2510, 101 L.Ed.2d 442 (1988) displaces Hawaii state law.

State law cannot be preempted under the terms of *Boyle* unless the subject matter of the government contract touches an area of "uniquely federal interest" and there is a

"significant conflict" between state law and the federal interest.

Plaintiffs rely on a failure to warn theory of liability. The government specifications at issue in this case did not require nor did they forbid warnings of any kind. Clearly, the defendants could have complied with their state law-imposed duty to provide adequate warnings without breaching their government contract. Therefore, I find that there is no "significant conflict" presented between state law and any federal interest.

Moreover, the cases before me are clearly distinguishable from *Boyle* in that no "uniquely federal interests" are implicated. The federal interest in *Boyle* was the procurement of military equipment by the United States to be used by the armed forces. It is clear the *Boyle* opinion applies only to military equipment.

Asbestos insulation products are not military equipment. The procurement of supplies by the United States is not enough to immunize the manufacturer under *Boyle*.

In sum, I find that the *Boyle* government contract defense does not preempt settled Hawaii law as put forth in *Nobriga*. Plaintiffs' motion to strike the defense is therefore granted.

IT IS SO ORDERED.